# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | |
| QUINCY WARREN HERNANDEZ, | Case No. 3:12-cr-00056-SLG-1 |
| Defendant. | |

### ORDER REGARDING MOTION REQUESTING JUDICIAL RECOMMENDATION

Before the Court at Docket 747 is defendant Quincy Warren Hernandez's second *pro se* Motion Requesting Judicial Recommendation. Mr. Hernandez seeks a recommendation from this Court that the Bureau of Prisons (BOP) place him in a residential reentry center (RRC) or home detention for the final 12 months of his sentence pursuant to the Second Chance Act.[1] The government filed a response in opposition at Docket 751. The U.S. Probation Office for the District of Alaska filed a sealed report at Docket 752.

Mr. Hernandez is serving a 151-month sentence with a release date of January 24, 2022.[2] Mr. Hernandez asserts that placement in an RRC for the

---

[1] Docket 747 at 1.

[2] www.bop.gov/inmateloc/ (last accessed Dec. 3, 2020). In 2013, this Court sentenced Mr. Hernandez to 156 months imprisonment after he pleaded guilty to one count of Drug Trafficking Conspiracy. Docket 395. In 2015, this Court reduced Mr. Hernandez's sentence to 151 months in accordance with the retroactive lowering of the applicable guideline sentencing range.

maximum allowable period of time would give him "an increased adjustment period, allowing for more savings and job-training [that] will greatly assist Movant in achieving a successful and permanent reentry to society."[3] Mr. Hernandez has included a letter, which notes his current release date and that he has recently been enrolled in the Residential Drug Abuse Program.[4] The Court has reviewed and considered Mr. Hernandez's filings and exhibits.[5]

The government responds that the Court has no authority to make such a recommendation because it is not correcting an error in a judgment pursuant to Federal Rules of Criminal Procedure 35 or 36.[6] The government also asserts that "there is no appropriate legal procedure for the Court to make this recommendation" because such recommendations must be made at sentencing.[7]

The government is incorrect. The Court is not amending a judgment, so Rules 35 and 36 do not apply. Moreover, there is no provision of law requiring such recommendation to be made at sentencing, and district courts routinely consider requests for such recommendations long after sentencing has occurred.[8]

---

Docket 594.

[3] Docket 747 at 2–3.

[4] Docket 747-1 at 1.

[5] Docket 711; Docket 747.

[6] Docket 751 at 3–4.

[7] Docket 751 at 4.

[8] *See United States v. Ferguson*, Case No. 6:16-cr-00707-JMC-8, 2018 WL 5095149, at *2 (D. S.C. Oct. 19, 2018) (undertaking a thorough analysis of "whether a district court can make imprisonment placement recommendations on a Defendant's *post-sentencing* motion" and

Case No. 3:12-cr-00056-SLG-1, *United States v. Hernandez*
Order Re Motion Requesting Judicial Recommendation
Page 2 of 4

Case 3:12-cr-00056-SLG   Document 754   Filed 12/04/20   Page 2 of 4

Because this is the Court that sentenced Mr. Hernandez, it can issue a recommendation as to the "type of penal or correctional facility as appropriate."[9]

The U.S. Probation Office notes that Mr. Hernandez has had no disciplinary incidents while in BOP custody, that he has maintained employment "to include tutoring and working in the education department," that he has completed numerous educational and vocational courses, that he has completed a drug education course, and that he entered the Residential Drug Abuse Program in September 2020.[10] The Probation Office does not oppose Mr. Hernandez's motion and assesses that "such placement at an RRC will assist with the defendant's reentry into the community."[11]

Mr. Hernandez's projected release date is now 13 months away. Any recommendation by the Court to the BOP is strictly advisory and non-binding. However, based on the current record, including Mr. Hernandez's conduct and accomplishments during his time in custody, this Court finds that placing into an RRC or halfway house for the maximum period of time allowed would benefit both him and the community.

---

concluding that district courts may do so) (emphasis in original).

[9] 18 U.S.C. § 3621(b)(4)(B).

[10] Docket 752 at 2 (under seal).

[11] Docket 752 at 2 (under seal).

Case No. 3:12-cr-00056-SLG-1, *United States v. Hernandez*
Order Re Motion Requesting Judicial Recommendation
Page 3 of 4

In light of the foregoing, IT IS ORDERED that the motion at Docket 747 is GRANTED. This Court recommends that the BOP place Mr. Hernandez in an RRC or halfway house 12 months prior to the completion of his sentence.

DATED this 3rd day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:12-cr-00056-SLG-1, *United States v. Hernandez*
Order Re Motion Requesting Judicial Recommendation
Page 4 of 4
Case 3:12-cr-00056-SLG   Document 754   Filed 12/04/20   Page 4 of 4